# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-13-00201-001-HE |
| FLORENTINO VILLANUEVA, JR., | ) | |
| Defendant. | ) | |

## ORDER

Defendant/Petitioner Florentino Villanueva, Jr., has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. In 2013, defendant pled guilty to being a felon in possession of a firearm. His criminal history included previous Oklahoma convictions for unlawful distribution of marijuana, robbery, assault and battery on a police officer, and using a vehicle to intentionally discharge a firearm. Based on the first three convictions, the court sentenced him to 210 months in prison as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. Defendant's sentence was affirmed on appeal. United States v. Villaneuva, 821 F.3d 1226 (10th Cir. 2016). The present motion contends that certain of his previous convictions do not qualify as proper predicate offenses for ACCA purposes and that his defense counsel was ineffective for failing to raise this issue.

Defendant's claims are based on the Supreme Court's decision in Samuel Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), the holding of which has been made retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016). Johnson II involved a vagueness challenge to the ACCA's "residual clause." The

ACCA establishes an enhanced penalty scheme, including a fifteen year minimum sentence, for persons convicted of, among other things, being a felon in possession of a firearm and who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines violent felonies to include offenses that involved the use or threat of physical force against another person and certain other enumerated crimes. The definition also includes any offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." *Id.* § 924(e)(2)(B)(ii). This latter phrase is commonly referred to as the "residual clause." In Johnson II, the Supreme Court determined that the residual clause was unconstitutionally vague. 135 S. Ct. at 2257. The Court noted, however, that Johnson II did not affect the ACCA's reliance on the specifically enumerated offenses identified as violent felonies or those that qualified as violent felonies under other parts of the ACCA. *Id.* at 2563.

Defendant argues that his convictions for assault and battery on a police officer and robbery no longer qualify as violent felonies under Johnson II.[1] While the government maintains that assault and battery on a police officer qualifies as a violent felony, it acknowledges there is contrary authority, including this court's previous determination that a conviction for this offense does not qualify as a predicate offense under the ACCA. *See* United States v. Darius Johnson, No. CR-09-128-HE, Order (W.D. Okla. Apr. 6, 2017). In

---

[1] *Defendant acknowledges that the Court of Appeals has previously determined his drug distribution conviction to be a qualifying predicate offense. He also acknowledges that his conviction for using a vehicle to discharge a firearm also qualifies based on Circuit precedent. See Doc. # 91, pp. 1-2. (References to filings in this case are to the CM/ECF document and page number.)*

light of that determination, the court concludes the imposition of the ACCA enhanced sentence was in error to the extent that it depended on that conviction.

That conclusion does not, however, necessarily result in defendant being entitled to habeas relief. A Johnson II error is harmless if another qualifying predicate offense can be substituted, even if that offense was not relied upon at the original sentencing. *See* United States v. Garcia, 877 F.3d 944 (10th Cir. 2017). The court must therefore determine, in the absence of the assault and battery conviction, whether defendant's robbery conviction qualifies as the third violent felony conviction under the ACCA.

Defendant initially argues that uncertainty regarding which Oklahoma robbery statute he was convicted under weighs against considering this crime as a predicate offense, because Taylor v. United States, 495 U.S. 575 (1990) requires "certainty" when determining a criminal defendant's state convictions. *See* Shepard v. United States, 544 U.S. 13, 21-22 (2005). The court disagrees. Taylor does require that courts be certain about a criminal defendant's state convictions, but that is why courts may look at charging, judgment, sentencing, and plea documents — "the record of a prior conviction itself." Mathis v. United States, 136 S. Ct. 2243, 2256 (2016). The availability of documents makes indeterminacy the exception, not the rule. *Id.* at 2257. The documents here make clear that defendant's conviction is for conjoint robbery under § 800.

First, while the second amended information to which defendant pled guilty cites the general robbery statute, the information tracks the language of § 800, charging that defendant committed robbery "conjointly" with another person. Doc. #87-3. Second, the information sets the level of punishment at "not less than 5 years," which is the level

3

punishment for conjoint robbery under § 800. *Id*; 21 Okla. Stat. § 800. Also, the citation to § 791 or the mention of "force or fear" does not move the conviction into another category of robbery because § 791 is the general definition of robbery and force or fear are requirements of that general definition. Finally, the Judgment and Sentence states that defendant pled guilty to robbery under 21 Okla. Stat. § 800, conjoint robbery. The court therefore concludes that defendant was convicted of conjoint robbery.

Whether conjoint robbery qualifies as a predicate crime under the ACCA is a closer question. It can be a predicate offense only if the amount of force required for its violation meets the level of physical force contemplated by the ACCA definition. United States v. Harris, 844 F.3d 1260, 1263-64 (10th Cir. 2017).

The ACCA does not define "physical force." However, the Supreme Court gave the term its ordinary meaning in Curtis Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I") and determined that physical force means more than just nominal contact. *Id*. at 138. Instead, the force must be "capable of causing physical pain or injury to another person." *Id*. at 140. This could be as little as "a slap in the face." But it cannot be mere offensive touching. *Id*. at 139-40.

Defendant claims that Oklahoma requires no more than offensive touching for a robbery conviction. He argues that since the amount of force required for a robbery in Oklahoma is immaterial according to 21 Okla. Stat. § 793, the physical force requirement is less demanding than Johnson I and therefore robbery in Oklahoma does not qualify as a violent felony for ACCA purposes. Defendant's argument finds some support in the plain language of the statute. *See* 21 Okla. Stat. § 793. But this court is also bound by the highest

4

state court's interpretation and application of the relevant state statutes. *See* Johnson I, 559 U.S. at 138. Therefore, the question becomes whether the Oklahoma Court of Criminal Appeals has interpreted the statute to require more than nominal or *di minimis* contact. The court concludes it has.

Oklahoma cases indicate that the amount of force required to violate the robbery statutes is an amount of force capable of causing physical pain or injury. In McClendon v. State, 319 P.2d 333 (Okla. Crim. App. 1957), the Oklahoma Court of Criminal Appeals reiterated that where robbery does not involve "violence of putting in fear," there must be "some injury or violence to the person of the owner, or where the property snatched is so attached to the person or clothes of the owner as to afford resistance." *Id*. at 335 (quoting Ellis v. State, 260 P. 93, 95 (Okla. Crim. App. 1927)). Other opinions confirm this principle. *See* Carter v. State, 725 P.2d 873, 875 (Okla. Crim. App. 1986) ("[t]he act of grabbing the clerk constituted sufficient force to satisfy this element of the offense"); Peters v. State, 483 P.2d 765, 765-66 (Okla. Crim. App. 1971) (wrenching a purse from a victim's arm and knocking her down is sufficient force to support robbery conviction); France v. State, 467 P.2d 526, 526 (Okla. Crim. App. 1970) (grabbing victim from behind and snatching her purse is sufficient). These cases all involved force that, while perhaps not causing injury, was certainly capable of causing injury. *See* United States v. Castleman, 572 U.S. 157, 182 (2014) (Scalia, J., concurring) (grabbing and shoving are both capable of causing physical pain or injury).

Other cases show that Oklahoma requires more than minimal contact or force to commit robbery. *See* Guarino v. State, 491 P.2d 326, 328 (Okla. Crim. App. 1971) (taking

5

a wallet from someone's hand was not robbery but using mace to retain possession of the stolen wallet did amount to robbery); Monaghan v. State, 134 P. 77, 78-80 (Okla. Crim. App. 1913) (reaching into a pocket and taking a wallet without resistance from the victim was not robbery). These cases demonstrate that although § 793 says that the amount of force used is immaterial, there is some threshold of force required to establish a robbery.

The court concludes that the force required for robbery in Oklahoma requires more than minimal force, and is therefore consistent with the standard of physical force stated in Johnson I. Robbery under Oklahoma law therefore qualifies as a violent felony under the ACCA.

The result of this determination is that defendant has three qualifying felonies for ACCA purposes, although not entirely the same ones as were relied on by the court initially: for marijuana distribution, for discharge of a weapon from a vehicle, and for conjoint robbery. He is therefore not entitled to relief based on Johnson II and any failure of his counsel to raise Johnson-based arguments was therefore harmless. As a result, defense counsel was not ineffective under the standard established in Strickland v. Washington, 466 U.S. 668 (1984).

The Motion to Vacate [Doc. # 78] is **DENIED**. As the nature of Oklahoma's conjoint robbery statute has not been definitively resolved by the appellate courts, a certificate of appealability is granted as to that issue.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE